DONALD BRITTON THOMPSON v. STATE OF INDIANA.

[No. 268S21. Filed February 26, 1971.]

*Melvin N. Fredbeck,* of Franklin, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant was charged with the crime of second degree murder. The trial court found the defendant guilty of voluntary manslaughter and the court sentenced him to not less than two (2) nor more than twenty-one (21) years in the Indiana State Reformatory.

Appellant contends the evidence was not sufficient to sustain the verdict. For that reason we set forth the substantive portions of the evidence.

On April 23, 1967, Marshall Cowan, a bartender employed by the Friendly Tavern in Edinburg, Indiana, broke up a disturbance in the tavern while he was working. Marshall Cowan escorted three men involved in the disturbance from the tavern. Evidence was introduced in the trial court that Marshall Cowan had struck two of the men with a club before escorting them from the tavern. Outside the tavern a struggle took place between Marshall Cowan and one of the three men, Donald Britton Thompson. After the struggle Thompson left the scene with his two companions, Larry Thompson (defendant's brother) and Frank Stull. Marshall Cowan

was found outside the tavern on the sidewalk. He was found to have been stabbed several times and died as a result thereof in less than an hour.

Thompson and his two companions were arrested on April 23, 1967, and taken to the Johnson County Jail for questioning. Present at the interrogation was Deputy Sheriff Leonard Schneider, Prosecuting Attorney Joe Van Valer, State Trooper Jack Means and Winifrey Britton (Chief of Edinburg Police). Before interrogation commenced, Prosecuting Attorney Van Valer read to Thompson his constitutional rights. At this time Thompson stated that he did not wish to make a statement. He then asked for permission to use a telephone and unsuccessfully attempted to contact his attorney. He then questioned Deputy Sheriff Schneider as to whether his brother Larry, and Frank Stull had been questioned and whether they had made statements about the crime. Deputy Sheriff Schneider informed him that his brother Larry, and Frank Stull had made statements about the crime. Deputy Sheriff Schneider then asked Donald Thompson if he would like to make a statement. He replied, stating that if his brother and Frank Stull had already made statements, he might as well make a statement. Prosecuting Attorney Van Valer returned to the room and again advised Thompson of his right to remain silent and his other constitutional rights. Thompson then confessed his guilt. We find the evidence amply supported the verdict of the jury.

On April 27, 1967, the grand jury of the Johnson Circuit Court returned an indictment in the Johnson Superior Court, charging Thompson with the crime of second degree murder of Marshall Cowan. The grand jury which found the indictment had been called by the Johnson Superior Court by order book entry, without an order having been entered of record in the Johnson Circuit Court for service in the Johnson Superior Court.

Appellant alleges that the judge of the Johnson Superior Court lacked jurisdiction to call the grand jury in the instant

case, a criminal matter. However, the Johnson Superior Court did have jurisdiction to call the grand jury in the instant case. Burns Ind. Stat. Anno. § 9-803 (1905) provides that grand juries must be called by the regular judge of the Circuit Court or Criminal Court having jurisdiction. Burns Ind. Stat. Anno. § 4-1705 (1959) of the Act creating the Johnson Superior Court provides that such court shall have *concurrent jurisdiction* with the Johnson Circuit Court, reserving exclusive jurisdiction in the Circuit Court only for juvenile matters. Therefore, the Johnson Superior Court, having concurrent jurisdiction with the Johnson Circuit Court, had jurisdiction to call a grand jury.

Appellant next alleges that the Johnson Superior Court erred by summoning the grand jury that returned an indictment against appellant, which had been drawn for service in the Johnson Circuit Court, where no order was made and entered in the Johnson Circuit Court for service in the Johnson Superior Court. While Burns Ind. Stat. Anno. § 4-7120 (1937) provides that "grand juries or petit juries drawn for service in one court, may serve in another court of the county in accordance with appropriate orders duly entered of record in each of such courts," Burns Ind. Stat. Anno. § 4-7119 (1937) provides in part that:

". . . This Act shall be construed liberally, to the effect that no indictment shall be quashed, and no trial, judgment, order or proceeding shall be reversed or held invalid on the ground that the terms of this Act have not been followed, unless it shall appear that such noncompliance was either in bad faith or was objected to promptly upon discovery and was probably harmful to the substantial rights of the objecting party."

The appellant fails to show where noncompliance with the statutory requirements of Burns. Ind. Stat. Anno. § 4-7120 in the instant case was in bad faith or harmful to the substantial rights of the appellant. Accordingly, we find no ground under the guiding statute for reversal on the technicality urged.

Appellant next alleges that the trial court erred in admitting into evidence testimony of Deputy Sheriff Schneider concerning statements of the appellant in the form of a confession. Appellant also alleges that the trial court erred in admitting into evidence a written confession made by the appellant. The evidence shows that appellant was advised of all his constitutional rights before the interrogation commenced, at which time appellant stated that he wanted advice of his counsel. Appellant was permitted to use a telephone and made several unsuccessful attempts to call a lawyer or someone who could contact one for him. Appellant then voluntarily questioned Deputy Sheriff Schneider as to whether his brother and Frank Stull had been questioned and whether they had made statements. Deputy Sheriff Schneider informed him that they had been questioned and had made statements, which in fact was true. Appellant then told Deputy Sheriff Schneider that he might as well make a statement if his brother and Frank Stull had. Prosecuting Attorney Van Valer returned to the interrogation room. Prosecutor Van Valer again advised the appellant that he did not have to say anything and advised him of his other constitutional rights. Appellant then made statements in the form of a confession in the presence of Deputy Sheriff Schneider and Prosecutor Van Valer. These statements were reduced to writing and signed by appellant.

The trial court did not err in admitting into evidence the testimony of Deputy Sheriff Schneider concerning the appellant's confession and the written confession signed by the appellant. The Fifth Amendment to the United States Constitution provides that an individual shall not be compelled to incriminate himself. In *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, the Supreme Court of the United States, aware of the "compulsive atmosphere" present in many in-custody interrogations, laid out the procedural requirements necessary to void such interrogations of any "compulsive atmosphere" which might in itself compel an accused to incriminate himself in violation

of his Fifth Amendment right. Among the requirements laid out by the Court in *Miranda* is the requirement that interrogation must stop if at any stage in the proceeding the accused expresses a desire to remain silent or a desire to have assistance of counsel. It is this requirement that appellant alleges was violated when he was interrogated in the instant case.

The evidence in the instant case clearly shows that all the requirements of *Miranda* were complied with, not only in form but in spirit. After the accused stated that he wanted assistance of his counsel, the prosecuting attorney left the interrogation room. The appellant was left alone to use the telephone. The interrogation had ceased. After failing to reach his counsel, appellant questioned the Deputy Sheriff who was standing in the doorway. In responding, the Sheriff informed him that the other subjects had made statements. Appellant then stated that he might as well make a statement if the others had. The prosecuting attorney was called back to the room and he again informed the appellant that he did not have to say anything and informed him of his other constitutional rights. The appellant then proceeded to make a free and voluntary confession under no threats, promises, or other form of inducement, and in doing so waived his Fifth Amendment right against self-incrimination. The evidence further shows that he made the waiver knowingly and intelligently.

It is contended that the waiver which was read and explained to the appellant only told him that he was entitled to a lawyer, but that the court would appoint the lawyer, inferring that he was prejudiced because he would have to wait for the lawyer. The waiver properly stated the law. No one can appoint a lawyer but the trial court. Regarding this point the court in *Miranda* stated: "This does not mean, as some have suggested, that each police station must have a 'station house lawyer' present at all times to advise prisoners."

The *Miranda* decision does not proscribe the admission into evidence of a free and voluntary confession made by the ac-

cused after he has once expressed a desire to exercise any or all of his rights, including the right to assistance of counsel and to remain silent, where he has done so "knowingly and intelligently." The court stated in part in *Miranda* that: ". . . After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement." (384 U. S., at 478)

From the unqualified character of the Court's statement regarding the time when the waiver of rights can be made, it must be concluded that a waiver, as in the instant case, can be made at any stage of the interrogation if made knowingly and intelligently.

The trial court did not commit error; therefore judgment is affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 49.