In the Matter of the Claim of MARY T. MOWEN against CHASE NATIONAL BANK et al., Respondents. STATE INDUSTRIAL BOARD, Appellant.

Argued January 5, 1938; decided March 8, 1938.

*John J. Bennett, Jr., Attorney-General (Leon Freedman* and *Henry Epstein* of counsel), for appellant. The accident sustained by the claimant arose out of and in the course of her employment. (*Poupart* v. *Myers,* 242 App. Div. 720; *Hanna* v. *Pierson Co.,* 194 App. Div. 944; *Matter of Underhill* v. *Keener,* 233 App. Div. 779; 258 N. Y. 543; *Appert* v. *Kings Park State Hospital,* 240 App. Div. 795; *Matter of Giliotti* v. *Hoffman Catering Co.,* 246 N. Y. 279; *Rhodes* v. *Hoffman Catering Co.,* 230 App. Div. 796.)

*William B. Davis* and *E. C. Sherwood* for respondents. The claimant's accidental injury occurred while she was

engaged solely in her own affairs, and arose out of her activities in such affairs, and does not come within the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67). *Lauterbach* v. *Jarett,* 189 App. Div. 303; *Kane* v. *Barbe,* 210 App. Div. 558; *Matter of Pisko* v. *Mintz,* 262 N. Y. 176; *Finnegan* v. *Biehn,* 250 App. Div. 791; *Matter of Hollinger* v. *Fure,* 241 App. Div. 644; 264 N. Y. 678.)

O'BRIEN, J. Claimant and her husband occupied the upper floor of a two-family house owned by the Chase National Bank. As compensation for services to the owner she was allowed ten dollars per month on her rent. She testified that she was the caretaker, that she took care of the furnace and the stairs and that she always answered the door bell when it rang. Her injury occurred when, in proceeding to answer the door bell, she fell down the stairs leading from her apartment to the outer door which was the entrance to her apartment. Who the caller was does not appear. There is no evidence that, whoever he or she may be, the call had any relation to claimant's personal affairs. It was part of her duty, whenever the bell rang, to answer it. For all she could know the caller may have come upon some errand in connection with claimant's duties as caretaker. An attempted inquiry by her, at least to the extent of giving response to the signal, cannot be included exclusively within her personal affairs. Since the purpose of the visit of the unknown person who rang the bell is not shown to relate to claimant's personal affairs, and since the injury occurred during the hours of employment and upon the premises of the employer (*Matter of Norris* v. *N. Y. Central R. R. Co.,* 246 N. Y. 307, 313), the finding by the State Industrial Board that at the time claimant sustained her accidental injuries she " was performing her regular duties as caretaker and janitor, in answering the door bell, and was acting in the best interest of her employer " cannot be branded as wholly arbitrary and without any basis in fact for such inference.

: The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs.in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, LOUGHRAN and RIPPEY, JJ., concur; HUBBS and FINCH, JJ., taking no part.

Ordered accordingly.