HUSTON *v.* HUSTON.

[No. 570S106.  Filed March 8, 1971.]

*Eugene N. Chipman, Chipman, Chipman & Rakestraw,* of Plymouth, for appellant.

*David H. Feagler,* of Plymouth, for appellee.

DEBRULER, J.—This is an appeal from a decision of the Marshall Circuit Court wherein that court denied the appellant-plaintiff-mother's Verified Petition for Modification of Custody Order. The petition in question requested the trial court to modify custody of two minor children born of the marriage of the appellant-plaintiff-mother and the appellee-defendant-father.

The trial court denied appellant's petition. Appellant's only allegation of error is that the denial of her petition was an abuse of the trial court's discretionary power.

Appellant was granted a divorce from the appellee on January 16, 1961. The trial court at that time awarded her permanent custody of the three minor children, Dennis, Vicki and Donnie. Permanent custody of the children remained in the appellant until September, 1967, when the appellant and appellee appeared before the court and requested that the permanent custody of the two boys, Dennis and Donnie, be changed from the appellant to appellee. The trial court granted the request. Twenty months thereafter, in May of 1969, the appellant filed this Verified Petition for Modification of Custody, which being overruled, has brought about this appeal.

In order to justify a change of custody of minor children of divorced parents, there must be a change in conditions from the date of the last court order and such change must be of such decisive character as to make change of custody necessary for the welfare of the children. *Perdue* v. *Perdue* (1970), 254 Ind. 77, 257 N. E. 2d 827; *Brickley* v. *Brickley* (1965), 247 Ind. 201, 210 N. E. 2d 850;

*Renard* v. *Renard* (1956), 126 Ind. App. 245, 132 N. E. 2d 278; *Adams* v. *Purtlebaugh* (1952), 230 Ind. 269, 102 N. E. 2d 499.

Where modification is sought the burden is on the petitioner to allege and prove a substantial and material change in conditions affecting the welfare of the children. *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571. In the case at bar that burden was on the appellant.

On the basis of the evidence received, the trial court determined the appellant failed to sustain the burden of proving such a change of conditions. That evidence may be summarized as follows:

Appellant testified that at the time of the modification of the decree granting custody to the appellee she agreed to such modification only because at the time she was ill and destitute and unable to properly tend to the children. Appellant further testified that she thought said modification was valid only until such time as she was again physically and financially able to take care of the children. Appellant having regained her health, has attended a beautician's school in Texas for a period of eight months, and has remarried to one Coy Easley, a forty-two year old retired Army man now employed by a construction company. Appellant and her husband live in a new three-bedroom trailer in Columbus, Mississippi with Vicki, the daughter born of the marriage with the appellee and a second younger daughter born of an intervening marriage to a Mr. Bottoroff.

Evidence was introduced to show the oldest son has been smoking heavily since living with the appellee and did not smoke while living with the appellant. The son has also lost considerable weight in the two months prior to the hearing. Neither son has been taken to a doctor or dentist since living with the appellee. Dr. Harry J. Stoller, M.D., examined the oldest son during the progress of the hearing and concluded that the boy was "emotionally depressed as to his social activities" and recommended that "a social change might be of possible improvement."

The appellee underwent surgery on his back which necessitated his being off work for a period of six months in 1968, and was still under the care of a doctor at the time of trial.

On the basis of the above evidence the appellant alleges the trial court abused its discretion in denying the appellant's petition. We cannot agree.

The September, 1967, Modification of Custody Order is not on appeal here. Therefore, this Court can only consider that order for what it appears on its face to be, namely, a permanent modification of custody of the two boys from the appellant to the appellee. Said modification was at the request of the appellant and appellee.

The gist of the appellant's evidence bears upon a change in her own personal circumstances. What evidence which does bear upon the welfare and happiness of the children was not so persuasive to the trial court as to necessitate a change of custody. Upon review, we are in accord with the trial court, and hold, therefore, that the trial court did not err in denying appellant's petition.

Affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 170.