ROSITA J. (EGLEY) SMITLEY v. SHELDON L. EGLEY.

[No. 372A159. Filed April 10, 1973.]

*Larry Busick, Osterman & Busick,* of Fort Wayne, for appellant.

*Philip H. Larmore, Adair, Perry, Beers, McAlister & Mallers,* of Fort Wayne, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Plaintiff-appellant Smitley (Mrs. Smitley) appeals from denial of her Petition for Change of Custody of her two minor children claiming the trial court abused its discretion by continuing custody in their father, defendant-appellee Egley (Egley).

We affirm.

## FACTS

The facts most favorable to Egley and the judgment of the trial court are:

Subsequent to the divorce of the parties, Egley was awarded custody of the two minor sons (ages 6 and 14) resulting from his marriage to Mrs. Smitley. They both remarried and each of their respective households accommodate children who were not born of their marriage.

After several prior unsuccessful attempts to regain custody, Mrs. Smitley filed a Petition for Change of Custody on June 7, 1971.

At the hearing on this Petition held September 16, 1971, considerable testimony was heard from the parties, grand-

parents and a child psychologist. The trial judge also conducted an *in camera* examination of the two children. Some of the evidence was conflicting.

Mrs. Smitley relied heavily on the child psychologist, Dr. Heinemann, who had interviewed and administered certain tests to the children. While Dr. Heinemann testified at some length the trial court did not allow him to state certain recommendations based on his interviews with the children.

The evidence revealed little or no change of physical circumstances surrounding the children. Emphasis was placed by Mrs. Smitley and Dr. Heinemann on the emotional and psychological welfare of the children, particularly as to the older child who was described as being "depressed."

The children expressed themselves as satisfied with the present arrangement.

On September 20, 1971, the court denied Mrs. Smitley's Petition for Change of Custody and this appeal followed.

### ISSUE

As we decipher the Motion to Correct Errors, the only issue before us is:

Did the trial court abuse its discretion by failing to give proper weight to the emotional and psychological welfare of the children in its decision to retain custody in Egley (the father)?

The Motion to Correct Error does not assign as error the trial court's refusal to allow Dr. Heinemann to state his recommendations as to custody based on his interviews with the children. Therefore this question is not before us. Rule TR. 59(G).

The Motion to Correct Error seeks to assign as error that the court's decision is contrary to the evidence and based on insufficient evidence which also presents no issue for a decision inasmuch as the denial of Mrs. Smitley's Petition for Change of Custody was a negative judgment. *Graves* v. *City of Muncie* (1970), 255 Ind. 360, 264

N.E.2d 607; *Hardy* v. *Town of New Harmony* (1967), 248 Ind. 350, 227 N.E.2d 689; *Hinds* v. *McNair* (1955), 235 Ind. 34, 129 N.E.2d 553.

The gist of Mrs. Smitley's position is that the court abused its discretion by not giving controlling weight to the emotional and psychological welfare of the children over other lesser factors necessarily involved in the total welfare of the children. The emotional problems of the children were such, she says, as to require the court to recognize a decisive change of conditions had occurred requiring that custody be placed in her.

Mr. Egley replies that Mrs. Smitley seeks to reweigh the evidence on appeal and has not sustained her burden of proving a substantial and material change in conditions affecting the welfare of the children. Further, in determining the welfare of the children all factors may be considered by the trial court and controlling weight need not be given to emotional and psychological factors.

## DECISION

CONCLUSION—The trial court did not abuse its discretion by refusing to change custody to Mrs. Smitley.

Our conclusion that the trial court did not abuse its discretion finds support in familiar principles of law applicable to modification of custody. They were recently succinctly stated by Justice DeBruler in *Huston* v. *Huston* (1971), 256 Ind. 110, 267 N.E.2d 170:

"[1] In order to justify a change of custody of minor children of divorced parents, there must be a change in conditions from the date of the last court order and such change must be of such decisive character as to make change of custody necessary for the welfare of the children. Perdue v. Perdue (1970), [254] Ind. [77], 257 N.E.2d 827; Brickley v. Brickley (1965), 247 Ind. 201, 210 N.E.2d 850, 211 N.E.2d 183; Renard v. Renard (1956), 126 Ind. App. 245, 132 N.E.2d 278; Adams v. Purtlebaugh (1952), 230 Ind. 269, 102 N.E.2d 499.

"[2] Where modification is sought the burden is on the petitioner to allege and prove a substantial and material change in conditions affecting the welfare of the children. Wible v. Wible (1964), 245 Ind. 235, 196 N.E.2d 571. In the case at bar that burden was on the appellant."

The change of conditions relied on by Mrs. Smitley is that the emotional and psychological welfare of the children was demonstrated to be in jeopardy thereby necessitating a change of custody to her. Her theory is that failure on the court's part to give controlling weight to this factor over all others, constituted an abuse of discretion. No authority is cited for this naked assertion, and we know of none.

In fact a similar argument was presented, and rejected, in *Huston* v. *Huston, supra,* in which medical testimony was presented that the oldest son was "emotionally depressed."

The record reveals the evidence was conflicting as to the emotional and psychological welfare of the children and the trial court properly considered all factors bearing on their welfare in refusing to modify custody. We will not weigh the evidence nor determine the credibility of witnesses nor can we say that there is an abuse of discretion because the court's conclusion is against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. *Bill* v. *Bill* (1972), 155 Ind. App. 65, 81, 290 N.E.2d 749, 757-58.

As there is no showing of a change of conditions of such decisive character as to make a change in custody necessary, the judgment of the trial court denying Mrs. Smitley's Petition is affirmed.

Sullivan, J. and White, J., concur.

NOTE.—Reported at 294 N.E.2d 640.