Linda D. CAMPBELL, Appellant
(Respondent Below),

v.

Michael CAMPBELL, Appellee
(Petitioner Below).

No. 1–1178–A–332.

Court of Appeals of Indiana,
First District.

Nov. 5, 1979.

Curtis M. Jacobs, Cooper, Cox, Jacobs &
Kemper, Madison, for appellant.

Neil R. Comer, Comer & Schuerman, Osgood, for appellee.

ROBERTSON, Judge.

After complying with our holding in *Campbell v. Campbell*, (1979) Ind.App., 388 N.E.2d 607, and no further issue being presented with respect thereto, we now proceed to the merits of this case.

Respondent-appellant Linda D. Campbell (Linda) appeals from the trial court's modification of a custody decree which, *inter alia*, awarded custody of two of three minor children to petitioner-appellee Michael Campbell (Michael).

We affirm.

The marital union of the parties to this appeal was dissolved on October 11, 1977, with custody of three minor children granted to Linda. The instant action was initiated by Michael on August 17, 1978, by way of a petition to modify custody. After a hearing on September 25, 1978, the trial court modified its prior decree and placed the two youngest children in the custody of Michael. The sole issue on appeal[1] is whether the modification decree constituted an abuse of discretion.

---

1. The "three" issues presented are merely restatements of the single issue preserved for review.

■ Both prior to and after the adoption of the Dissolution of Marriage Act (*Ind. Code* 31–1–11.5–1, *et seq.*), the function of an appellate tribunal in an appeal from a custody modification decree has been to determine whether the trial court abused its discretion. *See Marshall v. Reeves*, (1974) 262 Ind. 107, 311 N.E.2d 807 (prior law); *Franklin v. Franklin*, (1976) Ind.App., 349 N.E.2d 210. *See also In re Marriage of Lopp*, (1977) Ind.App., 362 N.E.2d 492.[2] Therefore, we will not reverse the lower court's decision unless it is " 'clearly *against the logic and effect of the facts and circumstances before the court*, or the reasonable, probable, and actual deductions to be drawn therefrom.' " *Marshall, supra*, 262 Ind. at 107, 311 N.E.2d at 812 (original emphasis; citations omitted).

■ The record reveals the following facts pertinent to this appeal. Rhonda Peters was the babysitter for the three children during the day while Linda was at work. She testified that "many a morning" the youngest child arrived in diapers that were "sopping wet" since they had not been changed from the previous evening, and would occasionally have cookies caked in his hair. Peters also testified that one of the children stated he rarely got breakfast and, when he did, it would consist of potato chips, cookies or Pepsi. Additionally, Peters asserted that, from her experience babysitting in Linda's home for two weeks, the household was in complete disorder—dishes were piled up, cookies and gum were crushed into the carpet, empty baby bottles were left behind the baby bed (and contained curdled milk), food was left setting on the table from the last evening dinner,

roaches were in the bathroom, and dirty clothes were piled throughout. There was also testimony to the effect that Linda was a poor money manager,[3] and on one occasion the youngest child arrived at Peters's home with severe bruises down both sides of his legs, back, and "private areas."

Michael testified that Linda no longer gives the children the personal attention that she used to, and that they are not as well disciplined. When Michael visited Linda after her move to Texas, she and the children were living with three others in a two bedroom, sparsely furnished apartment. At the present time, Michael is living in Florida and employed in a job that pays substantially more than Linda's. The record also shows that since the divorce, one of the children has become "withdrawn," and the daughter is not as "sweet" as she used to be. From the record as a whole, we conclude that Linda has failed in establishing an abuse of discretion by the trial court.

■ We proceed to address two other matters raised by Linda in her brief, although not sufficiently raised in her motion to correct errors.[4] First, Linda contends that the trial court erred in failing to make special findings of fact. Linda has not directed us, however, to any portion in the record where a request for special findings of fact was made, nor does our independent review reveal the same. Accordingly, there was no error. *See Stevenson v. Stevenson*, (1977) Ind.App., 364 N.E.2d 161; Ind.Rules of Procedure, Trial Rule 52. Secondly, Linda contends the trial court erred in failing to consult with a social agency prior to rendering a decree. Inasmuch as the lan-

---

2. In 1976, the legislature added to IC 31–1–11.-5–22(d) the requirement that the trial court should not modify a prior decree unless there is ". . . a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable." This same requirement is imposed for the modification of a support order (IC 31–1–11.5–17), the determination of which may not be reversed on appeal absent an abuse of discretion. *Macauley v. Funk*, (1977) Ind.App., 359 N.E.2d 611. Accordingly, the amendment to IC 31–1–11.5–22(d) has not altered the abuse of discretion standard on appeal.

3. Linda had written several bad checks (later made good), and had defaulted on a real estate contract (also apparently made good at a later date).

4. *See, e. g., LaFary v. State Farm Mutual Automobile Insurance Company*, (1975) Ind.App., 335 N.E.2d 242. In like manner, Linda has waived the issue of whether the petition failed to aver sufficient facts although, in any event, this issue apparently was not properly reserved in the court below.

guage of IC 31–1–11.5–22 is permissive, we do not believe the trial court abused its discretion in this case.

For the foregoing reasons, the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and NEAL, J., concur.