**Pamela (Dawson) SMITH, Appellant**
**(Petitioner Below),**

v.

**Richard J. DAWSON, Appellee**
**(Respondent Below).**

**No. 3–281A51.**

Court of Appeals of Indiana,
Third District.

Feb. 25, 1982.

Norma Card, Legal Services of Maumee Valley, Inc., Fort Wayne, for appellant.

Barrie C. Tremper, Tremper, Bechert & Leonard, Fort Wayne, for appellee.

STATON, Judge.

Pam Smith, the former wife of Richard Dawson, appeals the trial court's denial of her petition for change of custody. She contends that the court erred by not finding the existing custody order to be unreasonable.[1]

Affirmed.

Our review of a denied request for a change of custody is limited to determining whether the trial court abused its discretion in finding that the applicable statutory guidelines had not been met. *Needham v. Needham* (1980), Ind.App., 408 N.E.2d 562, 564 (*reh. denied*); *Campbell v. Campbell* (1979), Ind.App., 396 N.E.2d 142, 143. Accordingly, we will not reverse the trial court's decision unless it is clearly against the logic of the facts and circumstances before the court, or the reasonable deductions to be drawn therefrom. *Whit-*

*man v. Whitman* (1980), Ind.App., 405 N.E.2d 608, 610. In determining whether the trial court abused its discretion we do not weigh conflicting evidence, but consider only that evidence which supports the trial court's decision. *Williams v. Trowbridge* (1981), Ind.App., 422 N.E.2d 331, 332.

This evidence reveals that Pam and Richard Dawson were divorced on July 16, 1976, with Pam receiving custody of their three children. The youngest of these children is Ricky, born August 16, 1975. Richard remarried and his second wife later gave birth to their first child. Pam also remarried, gave birth to two more children, and again was divorced. Because of Pam's ill health and the amount of time her fifth newborn child required, Pam gave custody of Ricky to Richard by a court approved agreement in April, 1979.

After receiving custody, Richard enrolled Ricky in a nursery school. Employees of this school believed that Ricky had emotional and behavioral problems which could be helped by counseling. Based on their recommendation, Richard took Ricky for counseling from May to July in 1979.

In November, 1979, Pam suspected that Richard or his second wife had physically abused Ricky. The county welfare department conducted an investigation based on Pam's allegation, but took no action towards Richard or his second wife.

On March 2, 1980, Richard suffered an "alcoholic blackout" at his home during which he loudly threatened to violently stop anyone from taking Ricky away from him. During this episode Richard's second wife became frightened and wished to leave, so she called the police to assist her in removing some of her personal items from their home.

---

1. Pam also contends that the trial court erred by not determining that it was in Ricky's best interest to remain in Richard's custody, in accordance with the factors set forth in IC 31–1–11.5-21(a) (Burns Code Ed., 1980 Repl.). It is true that the best interests of the child are always the primary concern of the court. *Whitman v. Whitman* (1980), Ind.App., 405 N.E.2d 608, 610. However, her reliance on this statute is misplaced since it only applies to an initial determination of permanent custody. *Mautaw v. Mautaw* (1981), Ind.App., 420 N.E.2d 1294 (*reh. denied*) (*trans. denied*); *Whitman, supra,* at 610. For a petition seeking modification of custody the applicable standards are found in IC 31–1–11.5–22(d). Thus, the trial court did not err by failing to consider the factors in 31–1–11.5–21(a).

Based on these circumstances, Pam now seeks to regain custody of Ricky. She asserts that since Ricky has been in Richard's custody he has been hurt physically and emotionally, and that Richard has now become mentally or emotionally unstable. In addition, she supports her request for custody with the fact that she is now in good health and is physically able to take care of Ricky.

■ The trial court did not abuse its discretion by denying Pam's request for custody of Ricky. A court will grant a change of custody "only upon a showing of *changed* circumstances so *substantial* and *continuing* as to make the existing custody order unreasonable." IC 31–1–11.5–22(d) (Burns Code Ed., 1980 Repl.) (emphasis added). The strict showing our statute requires is designed to prevent the disruptive effect of moving children back and forth between divorced parents. *Landing v. Landing* (1972), 152 Ind.App. 660, 284 N.E.2d 857, 858. Further, it discourages former spouses from using custody proceedings as vehicles for revenge. *Moutaw v. Moutaw* (1981), Ind.App., 420 N.E.2d 1294, 1296 (*reh. denied*) (*trans. denied*).

■ Pam has not made the strict showing our statute requires. There was testimony that Pam was responsible for Ricky's emotional and behavioral problems, and that Ricky had these problems when Richard received custody. Further evidence revealed that Ricky's behavioral and emotional well being had improved after counseling, and that Ricky had no special behavioral or emotional problems at the time of the custody proceedings. Thus, Ricky's emotional and behavioral problems are not continuing, and any change in Ricky has been beneficial.

As to Pam's abuse allegation, it is true that the welfare department's investigation revealed that Ricky had once been bruised while in Richard's custody. However, the welfare department did not take any action toward Richard or his second wife, or attempt to remove Ricky from their care. Consequently, the trial court could have reasonably determined that the bruises were not substantial. In addition, no bruises were ever observed during subsequent examinations of Ricky by Pam or welfare department employees.

Regarding Richard's alcoholic blackout, the evidence established that after the incident Richard underwent two weeks of medical treatment for alcoholism. Also, Richard has since stopped drinking alcohol and now regularly attends Alcoholics Anonymous meetings.

Our statute requires Pam to show something more than isolated acts of alleged misconduct; she had to show that the changed circumstances regarding Richard's stability and Ricky's well being are substantial and continuing. *Whitman, supra*, at 610. Pam has failed to show this.

The only change in circumstances which Pam proved is substantial and continuing is her improved health. However, the single fact that her health is now good does not necessitate a custody change. Our Supreme Court has previously held that it is not error to refuse to modify custody where the evidence is primarily regarding substantial changes in the noncustodial spouse's personal circumstances. *Huston v. Huston* (1971), 256 Ind. 110, 267 N.E.2d 170.

Viewing the evidence in the light most favorable to Richard, there is evidence and reasonable inferences therefrom to support the judgment of the trial court. In reviewing the judgment, we find no abuse of discretion.

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.