**David G. DUNLAP, Respondent-Appellant,**

v.

**Leeanne Sue DUNLAP, Petitioner-Appellee.**

**No. 3–784A201.**

Court of Appeals of Indiana, Third District.

March 28, 1985.

---

724

Joshua I. Tourkow, Douglas E. Johnston, Tourkow, Danehy, Crell & Rosenblatt, Fort Wayne, for respondent-appellant.

Howard G. Heckner, Heckner & Kirsch, Ligonier, for petitioner-appellee.

HOFFMAN, Judge.

David G. Dunlap appeals the order of modification entered in favor of appellee Leeanne S. Dunlap transferring to her the care and custody of the couple's minor daughter.

The evidence shows that at the time of dissolution, the parties entered into an

agreement, subsequently approved by the trial court, that their daughter, Tobie, would be placed in the custody of her father. This decision was made as her mother was preparing to enter the United States Navy. Nearly four years after dissolution and upon learning of her naval transfer to the state of Hawaii, Leeanne petitioned the court to modify its order and grant her custody of Tobie. David thereafter filed a petition to increase the amount of support payments previously paid by Leeanne. The trial court denied David's petition and modified its prior custody order in favor of Leeanne. David alleges the trial court abused its discretion in ordering the removal of Tobie from his custody and placing her in the custody of her mother.[1]

The evidence presented and findings of fact entered by the trial court indicate that Tobie is an outgoing, well-adjusted, six-year-old girl, functioning at average or above average levels in school. Her mother is an exemplary member of the United States Navy and believes she may make the Navy her career. Leeanne receives an income sufficient to support Tobie and adequate housing will be available for their use in Hawaii. Both parties have had Tobie in their possession a substantial amount of time since the dissolution and both agree that the other has provided her with proper care.

The evidence shows that Tobie's relationship with her father is a secure and affectionate one. In its initial findings of fact, though, the court noted:

"2. The Respondent, while he has maintained a home for Tobie, is now living with a lady to whom he is engaged, but is not married. This living arrangement is in the presence of Tobie."

The trial court concluded that Tobie should be placed in the custody of her mother with David to have visitation rights. Following the filing of David's motion to correct errors, the trial court specifically added to its initial findings of fact and conclusions of law, the following:

"That Finding Of Fact No. 2, set out the fact that the Respondent is living with a lady to whom he is engaged, but is not married, which living arrangement is in the presence of Tobie, and the Court further finds that living out of wedlock in the presence of Tobie is morally detrimental to said child and creates an atmosphere that is not in her best interests. *The Court concludes that living out of wedlock in the presence of the child creates an immoral atmosphere that is so detrimental to this child's moral upbringing, that this fact, alone, constitutes a changed circumstance so substantial and continuing as to make the existing custody order unreasonable[.]*" (Emphasis added.)

David argues on appeal that the evidence does not present a legal or factual basis for a modification of the initial custody order.

This Court acknowledges that determinations relating to child custody lie within the sound discretion of the trial court. The decision of the trial court will be reversed only for an abuse of judicial discretion. *Barnett v. Barnett* (1983), Ind. App., 447 N.E.2d 1172. The decision must be clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions which may be drawn therefrom. *Campbell v. Campbell* (1979), 182 Ind.App. 661, 396 N.E.2d 142. The "best interests" of the child are of primary importance in an action to modify custody. *In re Marriage of Davis* (1982), Ind.App., 441 N.E.2d 719. Continuity of custody is a key element in determining what the best interests of the child may be. *Neighley v. Neighley* (1971), 256 Ind. 43, 266 N.E.2d 793.

In Indiana, a modification of child custody may be made only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. IND.CODE § 31-1-11.5-22(d). The circumstances in question must be of such a decisive nature as to make the change of custody neces-

---

**1.** Tobie is presently residing with her father    pursuant to a stay of execution pending appeal.

sary for the welfare of the child. *Huston v. Huston* (1971), 256 Ind. 110, 267 N.E.2d 170. Only a strict showing that the present custody arrangement is unreasonable will suffice to justify a change in custody. *Moutaw v. Moutaw* (1981), Ind. App., 420 N.E.2d 1294. The strict showing required by the modification statute is designed to prevent the disruptive effect of moving children back and forth between divorced parents. *Smith v. Dawson* (1982), Ind.App., 431 N.E.2d 850.

David does not deny that he is living with a woman to whom he is engaged but not married. He and his fiancee have maintained a clean, well-kept home and have provided a stable and reliable environment for his daughter. His fiancee and Tobie share an affectionate relationship. Tobie is fully aware of her father's living arrangement and all parties agree that Tobie has in no way been adversely affected by the relationship. The psychological testing of Tobie, requested by her mother, has shown Tobie to be an intellectually and emotionally well-adjusted child. Leeanne's primary complaint with the homelife provided by David is that the living arrangement he maintains *might* adversely affect Tobie in the future.

The trial court has concluded that the extramarital living arrangement maintained by David and his fiancee is in itself so detrimental and immoral as to justify a change in custody. Although this living arrangement may not be the optimum one, the evidence clearly shows Tobie has not been adversely affected by it. In order to deprive a parent of the custody of a child because of sexual misconduct, the misconduct must be shown to 'have an adverse effect upon the welfare of the child. Although it is a factor to be considered, evidence of sexual misconduct *alone* is insufficient to deny a parent the custody of a child. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286. Without some evidence that the living arrangement is in some way detrimental to the welfare of Tobie, a modification of custody, based solely upon that relationship, is improper.

In her argument, Leeanne additionally notes that Tobie does not attend church when residing with her father. It is clear, however, that Indiana specifically leaves the choice of religious training to the custodial parent. IND.CODE § 31–1–11.5–21(b). Although David and Tobie presently do not attend church, there has been no suggestion that he would prohibit Tobie from doing so. Leeanne specifically admits that David has had no objections to Tobie's baptism nor to her attending church.

The facts and issues presented in support of Leeanne's petition to modify custody do not show that the present custody arrangement is unreasonable nor that there are changed circumstances so substantial and continuing as to warrant a modification of the original custody order.

The order of the trial court is reversed and the cause remanded for consideration of appellant's petition for increased support.

Reversed and remanded.

STATON, P.J., concurs in result.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

When parties litigate a matter in our courts they and we are constrained to the evidence admitted. On appeal it is that evidence to which we must apply the law. Where that party bearing the burden of proof fails to sustain his or her contention, either because there was no evidence available on a critical issue, or because the evidence failed to sustain that party's contention, there is a failure of proof.

Upon the evidence presented in the case at bar, I am constrained to agree with the majority that no change in circumstances so substantial and continuing as to make the existing order unreasonable was established.

I therefore agree the judgment must be reversed.