**In re the Marriage of Cynthia M. MENEOU (Now Meden), Respondent-Appellant,**

v.

**Thomas E. MENEOU, Petitioner-Appellee.**

**No. 10A01–8608–CV–212.**

Court of Appeals of Indiana, First District.

Feb. 9, 1987.

Cecile A. Blau, Jeffersonville, for respondent-appellant.

Daniel E. Moore, Jeffersonville, for petitioner-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Respondent-appellant, Cynthia M. Meneou Meden (Cynthia), appeals a decree of the Clark Superior Court No. 2 modifying the decree of dissolution and awarding the custody of the children of the parties to petitioner-appellee, Thomas E. Meneou (Thomas).

We affirm.

### STATEMENT OF THE FACTS

The marriage of Cynthia and Thomas was dissolved on October 15, 1984. Pursuant to a written agreement Thomas was awarded physical custody of the parties' two sons, Kevin, then age six, and T.J., then age one. The agreement also provided that Cynthia and Thomas would exercise joint legal custody, sharing the authority and responsibility for the major decisions concerning the boys' upbringing. Cynthia was allowed reasonable visitation, provided she gave Thomas twelve hours' notice. Thomas assumed full responsibility for the financial support of Kevin and T.J.; Cynthia was not required to make any specific support payments.

On August 1, 1985, Cynthia filed a Petition to Modify, seeking sole custody of Kevin and T.J. and a support order. In the petition, Cynthia alleged that the inability

of Thomas and her to communicate and cooperate amounted to a substantial and continuing change of circumstances, rendering joint legal custody unreasonable.

A modification hearing was held on January 3, 1986. Cynthia testified that, while Thomas and she had originally agreed on joint custody as the best way to minimize the boys' adjustment to the divorce, the irregular transfers of Kevin and T.J. back and forth between households had created much instability and anxiety for the boys. In support of her desire to be awarded sole custody, Cynthia stated that she had remarried and now lives in Louisville, Kentucky. She had quit her job and would be available to care for the boys full time. Cynthia also testified that Kevin had been evaluated as an exceptional learner, and the Louisville school system has a gifted-student curriculum that is superior to that currently available to Kevin. Cynthia also related several incidents that served to question Thomas's parenting abilities, but she placed much of the blame for the failure of joint custody on Thomas's employment as a state police officer, which subjects him to a rather complex rotating work schedule.

The deposition of psychologist Dr. Louis Epstein was admitted into evidence. Dr. Epstein had interviewed Cynthia, Kevin and T.J. Dr. Epstein had stated that, while T.J. was too young to be effectively evaluated, Kevin is very sensitive, highly intelligent, and loves both parents equally. Because Kevin was very upset about having to frequently go back and forth between parents, Dr. Epstein concluded that one parent should have custody of the boys, with the non-custodial parent having a well-defined and stable visitation schedule. Dr. Epstein made no recommendation as to which parent should have custody.

Thomas testified that he was engaged to be married, and both he and his fiancee enjoy close relationships with Kevin and T.J. He also stated that his work schedule has remained the same since the dissolution of the marriage. Thomas provided his versions of the incidents Cynthia described in her testimony, and denied that he was an inadequate parent.

The trial court concluded the hearing by conducting an in camera interview with Kevin and T.J. The trial court then awarded custody of Kevin and T.J. to Thomas; Cynthia was granted reasonable visitation, including every other weekend, one night per week, and two weeks in the summer.

Cynthia's motion to correct error was granted in part and denied in part, after the trial court heard oral argument. While denying that it had committed error in awarding Thomas custody of the boys, the trial court admitted that Cynthia's visitation schedule was too restrictive. The trial court ordered Thomas and Cynthia to agree upon a more liberal visitation schedule. The parties complied, and the visitation schedule is not being appealed. Cynthia instituted this appeal to challenge the award of custody to Thomas.

### ISSUES

The issues presented are as follows:

I. Whether the trial court erred in awarding sole custody to Thomas when Thomas made no formal request for sole custody.

II. Whether the trial court erred in modifying the prior custody order when there was insufficient evidence of a substantial and continuing change of circumstances.

III. Whether the trial court applied a different standard in modifying joint custody from that used to modify sole custody.

IV. Whether the trial court's decision is supported by sufficient evidence.

### DISCUSSION AND DECISION

ISSUE I: *Lack of Formal Custody Request*

■ Cynthia argues that, since Thomas never filed a formal request for sole custody of Kevin and T.J., the trial court abused its discretion in awarding custody to him. We disagree.

A proceeding for modification is commenced by the filing of a petition. IND. CODE 31–1–11.5–20(a). The party opposing the requested modification may file an answer or a counter-petition, but is not required to do so. IND.CODE 31–1–11.5–4(d); *see also In re Marriage of Henderson* (1983), Ind.App., 453 N.E.2d 310, 313 (wherein the court provided a brief discussion of the statutory procedure). Moreover, this is not a situation of custody being thrust upon an unwilling parent; the transcript of the hearing is replete with Thomas's statements that he desires custody of Kevin and T.J.

The filing of Cynthia's modification petition placed the custody matter before the trial court. Therefore, the trial court's grant of custody to Thomas was not an abuse of discretion solely because he did not file a counter-petition.

## ISSUE II: *Changed Circumstances*

Cynthia contends the trial court abused its discretion in modifying joint custody to sole custody with Thomas, in that there was insufficient evidence of a substantial and continuing change of circumstances.

■ By statute, a custody order will be modified "only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable." IND.CODE 31–1–11.5–22(d). Child custody determinations fall squarely within the discretion of the trial courts, and will not be disturbed on appeal unless a trial court has abused its discretion. *Brown v. Brown* (1984), Ind.App., 463 N.E.2d 310. Although a modification of custody must be necessitated by a substantial and continuing change of circumstances, it does not follow that there must be such a change that it compels the modification in and of itself; it is the effect upon a child that renders any change substantial or inconsequential. *Poret v. Martin* (1982), Ind., 434 N.E.2d 885.

■ In the separation agreement that was incorporated into the decree dissolving their marriage, Thomas and Cynthia sought joint legal custody, in part because they were "willing and able to communicate and cooperate in advancing their children's welfare." *Record* at 12. In her petition to modify custody, Cynthia stated that joint custody was no longer a viable situation, a statement Thomas has never disputed. Both parties testified that the constant transfers between their households was having a serious detrimental effect on Kevin and T.J., testimony that was supported by the psychologist, Dr. Epstein. Given this effect upon the children, we cannot say that the trial court abused its discretion in concluding that the breakdown of the joint custody arrangement constituted a substantial and continuing change of circumstances.

## ISSUE III: *Modification Standard*

Cynthia contends the trial court applied a different standard in modifying joint custody to sole custody than that used to modify sole custody from one parent to the other. Specifically, she claims the trial court provided Thomas with a presumption merely because he had physical custody of Kevin and T.J. under the joint custody order.

Joint legal custody, as defined by statute, means that:

"the persons awarded joint custody will share authority and responsibility for the major decisions concerning the child's upbringing, including the child's education, health care, and religious training. An award of joint legal custody does not require an equal division of physical custody of the child."

IND.CODE 31–1–11.5–21(f).

■ While we agree with Cynthia that the same standard should apply regardless of the nature of the custody modification, we will not hamstring trial courts in these matters by having them ignore, as a factor in their determinations, which parent had primary physical custody of the children. The evidence shows that the boys' clothes and belongings were kept at Thomas's house, that it was the same house the family lived in prior to the dissolution, and that the boys had developed friendships in the neighborhood. Although neither party

requested findings of fact, we cannot say that the trial court favored Thomas with a presumption contrary to law.

ISSUE IV: *Sufficiency of Evidence*

Cynthia argues that the trial court's decision was against the weight of the evidence. Specifically, she claims no negative evidence was presented which warranted her losing joint custody, but substantial evidence was presented by her to justify a custody award in her favor.

A trial court's determination on a modification of custody rests in its sound discretion; upon appeal it must be demonstrated that the trial court abused its discretion. *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172. We will not reweigh the evidence, adjudge the credibility of the witnesses, nor substitute our judgment for that of the trial court. *Id.* We examine the evidence to determine only if there is any evidence supporting the trial court's determination, and it is only when the trial court's determination is against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom that we will reverse. *Whitman v. Whitman* (1980), Ind.App., 405 N.E.2d 608. The overriding concern in any custody determination is the best interest of the child. *Id.*

■ Cynthia testified as to certain episodes that served to question Thomas's fitness as a parent. While we may agree that Thomas, an Indiana State Trooper, has shown questionable judgment on occasion, we cannot conclude that his conduct constituted neglect or maltreatment. Indeed, the evidence shows that, at times, Cynthia exhibited similar lapses in judgment. In any event, the statute requires Cynthia to prove something more than isolated acts of alleged misconduct. *Smith v. Dawson* (1982), Ind.App., 431 N.E.2d 850. The evidence shows that Kevin and T.J. enjoy close relationships with both Cynthia and Thomas. Joint custody had become unreasonable because of the strain it placed on the boys as a result of being transferred

back and forth. As Cynthia herself stated at the hearing, "I think they need to be with one [parent] or the other." *Record* at 173. Her opinion was shared by Dr. Epstein, who declined to make a recommendation as to which parent should have custody. While Cynthia may claim a significant improvement in her personal circumstances, she also attested to the fact that, as a member of the armed services, her current husband is subject to being transferred at three-to four-year intervals. With the goal of modification being increased stability, the trial court was entitled to consider this factor. Finally, the trial court interviewed both boys in camera, and we are not privy to the results.

Viewing the evidence in the light most favorable to Thomas, there is evidence and reasonable inferences therefrom to support the trial court's decision. Accordingly, we find no abuse of its discretion.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J. concur.