**Robin LAMB (Formerly Wenning) Appellant–Petitioner**

v.

**Larry N. WENNING Appellee–Respondent**

**No. 31A01–9104–CV–99.**

Court of Appeals of Indiana, First District.

May 4, 1992.

Linda B. Lorch, Lorch & Naville, New Albany, for appellant-petitioner.

Marcus M. Burgher, Corydon, for appellee-respondent.

## OPINION ON REHEARING

ROBERTSON, Judge.

Father, Larry N. Wenning, petitions this court for rehearing of our decision reported as *Lamb v. Wenning* (1991), Ind.App., 583 N.E.2d 745 (Hoffman, J. dissenting). In *Lamb*, the divorce court modified the primary physical custody within a joint legal custody arrangement by changing primary physical custody of the parties' child, Jerry, from the Mother to the Father. We reversed, holding that Father failed to prove changed circumstances so substantial and continuing as to make the existing custody order unreasonable as required for custody modifications under IND.CODE 31–1–11.5–22(d). Father asserts, consistent with the dissenting opinion authored by Judge Hoffman, that the less stringent "best interests" standard is the appropriate standard for the divorce court to apply in determin-

ing whether the primary physical custody provision should be modified within a joint legal custody arrangement. We deny Father's petition.

## FACTS

As set out in detail in our earlier reported decision, Father and Mother agreed upon their divorce to be joint legal custodians of their child, Jerry, with Mother to enjoy primary physical custody. Jerry was six (6) years old at the time of the divorce and is now eight (8) years old. Soon after the divorce, Mother announced her intention to move to Missouri. Father filed for a modification, requesting that he be awarded primary physical custody of Jerry. The divorce court, while preserving the joint legal custody arrangement, granted the modification finding that Jerry's best interests were served by an award of primary physical custody in the Father. As noted above, we reversed and Father petitions for rehearing.

## DECISION

■ The guiding principle in determining whether to modify custody is the best interests of the child. *In re Marriage of Davis* (1982), Ind.App., 441 N.E.2d 719. The continuity of custody is a key element in determining the best interests of the child. *Neighley v. Neighley* (1971), 256 Ind. 43, 266 N.E.2d 793. Our legislature set the standard for obtaining a modification of a child custody order higher than the standard for obtaining an initial award of child custody to prevent the disruptive effect of moving children back and forth between divorced parents. *Lamb*, 583 N.E.2d 745. We fail to understand how the transfer of primary physical custody from one joint custodian to another (facilitated by litigation) has any less disruptive impact upon a child in a joint custodial relationship than one in a sole legal custodial relationship. Therefore, if the guiding principle of our law is the best interests of the child, we fail to see how a different standard for

a custody modification can be justified depending upon the legal description of the custodial arrangement.

■ We interpret Father's argument, based upon Judge Hoffman's dissenting opinion, as suggesting that—in the context of a joint custody arrangement—a change of conditions which substantially alters one of the factors underlying the assumptions upon which successful and beneficial joint custody arrangements are based triggers the ability of a joint custodian to sue for primary physical custody of the child or children, while preserving the joint custody relationship. We do not believe that one parent's failure to adhere to the joint custody "groundrules" (583 N.E.2d at 752) upon which joint custody arrangements are based, should serve to trigger a joint custodian's ability to sue for primary physical custody. A custody award may not be modified in order to punish a parent. *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23. We believe the effect of the best interests/joint custody groundrules standard would be to enable and encourage parents to punish each other with litigation over alleged violations of the joint custody groundrules. We do not believe the primary physical custodian's continued primary physical custody should be conditioned upon his or her ability to abide by the groundrules.

■ The right of parents to raise their children is an essential and basic right within the protection of the Fourteenth Amendment to the United States Constitution. *In the Matter of the Adoption of Topel* (1991), Ind.App., 571 N.E.2d 1295. Therefore, we should be most reluctant to interfere with the choice of divorcing or divorced parents to impose a joint legal custody arrangement upon themselves and *their* child.[1] The judiciary must be extremely reluctant to substitute its judgment for that of parents in the area of raising children.

---

1. However, under rare circumstances, the divorce court may properly refuse to approve a couple's agreement to joint legal custody where the arrangement would not be in the child or children's best interests because the parents had made child rearing itself a battleground. *Walker v. Walker* (1989), Ind.App., 539 N.E.2d 509 (footnote 1).

■ In the present case, Father and Mother agreed to the joint custodial arrangement. We believe this to be their business and that it is up to them to make the arrangement work. We believe further it is entirely inappropriate for joint legal custodian/parents to seek the intervention of the divorce court to resolve their disputes regarding the major decisions of their child's upbringing including the very important decision of which parent is to be the child's primary physical custodian.

The success of a joint legal custody relationship depends upon a great many factors including whether the persons awarded joint custody are able to subordinate their own needs to those of the child—as was the parent who was awarded custody in Solomon's case. Other important groundrules for a successful joint legal custodial relationship include the parents' commitment to the willingness and ability to communicate and cooperate in advancing the child's welfare. However, we do not believe these matters are appropriate subjects for litigation once the joint custodial relationship is established.

All too often, we ask our courts to perform services which they are completely incompetent to provide. The raising of our children is just one such matter. The courts are simply the wrong tool for the job. Our divorce courts must not serve as "referee parents" within joint custodial relationships.

■ We have no way of knowing whether a particular joint legal custody arrangement will work or not, only time can tell. *Walker v. Walker* (1989), Ind. App., 539 N.E.2d 509. In the present case, Larry and Robin have agreed to be Jerry's joint legal custodians with Robin to enjoy primary physical custody. We believe this relationship is clothed in the parents' fundamental right to raise their own child and must be kept inviolate from judicial intervention. If a joint legal custody arrangement fails, it should be modified to a sole legal custody arrangement. *Meneou v. Meneou* (1987), Ind.App., 503 N.E.2d 902.

Petition denied.

RATLIFF, C.J., concurs with separate opinion.

HOFFMAN, J., dissents with separate opinion.

RATLIFF, Chief Judge, concurring.

I concur in the denial of the petition for rehearing on the basis that our original opinion fully and clearly decided this case and for the reasons stated in that opinion.

HOFFMAN, Judge, dissenting.

For the reasons stated in my dissent to the earlier reported decision, I dissent to the opinion on rehearing. The judiciary and bar are better served by open and continuous dialogue regarding legal issues. Dogmatic adherence to formulas devised prior to considerations such as joint legal custody does not realistically reflect the necessary evolution of the legal process.

While it is evident that amicable resolution of custody matters would be far preferable to intervention by courts, courts are regularly called upon to decide such issues. Recognition that joint custody arrangements present unique demands upon the parties, children and courts would facilitate the resolution of custody disputes. By enacting provisions specific to joint custody arrangements, IND.CODE § 31–1–11.5–21(f)–(g), the legislature exposed the distinction between initial awards of sole custody and initial awards of joint custody. The distinction is no less important to modification proceedings.

I would vote to grant rehearing and affirm the judgment of the trial court.