Tanika WALKER, Appellant–Petitioner,

v.

Samuel NELSON, III, Appellee–Respondent.

No. 49A05–0903–CV–138.

Court of Appeals of Indiana.

Aug. 14, 2009.

Kimberly S. Robinson, Indianapolis, IN, Attorney for Appellant.

Reginald B. Bishop, Felicia L. Howells, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

T.W. ("Mother") appeals the trial court's grant of a petition for modification of child custody filed by S.N. ("Father") regarding their son, S.N.[1] Mother raises two issues, which we revise and restate as:

I.  Whether the trial court abused its discretion by granting Father's petition to modify custody of S.N.; and

II.  Whether the trial court abused its discretion by limiting Mother's parenting time.

---

1.  Father and son have the same name.

We affirm in part and reverse and remand in part.

The relevant facts follow. Mother and Father had a son, S.N., who was born on July 18, 1995. In February 1999, Mother filed a paternity action. In April 1999, Father admitted paternity. In July 1999, Mother and Father reached a mediated agreement, which provided that Mother and Father would have joint legal and physical custody of S.N. The trial court approved the mediated agreement.

On June 6, 2002, the parties entered a Memorandum of Settlement, which provided that Mother would have sole legal custody of S.N. The Memorandum of Settlement also provided: "This Agreement should remain in full force and effect only if Father resides outside the State of Indiana. Should Father move back into the State of Indiana, the parties agree to abide by the Indiana Parenting Time Guidelines regarding issues of visitation, holidays and transportation costs." Appellant's Appendix at 5–6. At some point, Father moved back to Indiana.

S.N.'s grades began to decline during the fifth grade, and he earned several failing grades during the course of his sixth grade year. During the fall of 2007 when S.N. was in the seventh grade, S.N. was suspended for insubordination on six occasions. S.N. was absent on eighteen occasions during the 2007–2008 school year. While in Mother's care, S.N. missed the first day of ISTEP testing. Mother and Mother's boyfriend frequently argued and have engaged in domestic violence.

On August 27, 2007, Father filed a Verified Petition for Change of Custody and Modification of Visitation alleging that S.N. had "gone from being an honor roll student to receiving 'Fs' in his courses" and "witnessed drug use by other youth around him, as well as experienced pressure to partake of drugs himself." *Id.* at

11. On February 27, 2008, the trial court ordered mediation. On April 22, 2008, the mediator filed a report with the trial court indicating that mediation was unsuccessful.

On June 6, 2008, Father filed an Emergency Motion for Expedited Hearing Regarding Summer Visitation alleging that he picked up S.N. for summer visitation and "[s]ince that time, confusion has arisen regarding the summer visitation, and [Mother] has filed a police report with the Gary, Indiana authorities regarding [Father] having custody of [S.N.]." *Id.* at 38. The trial court scheduled a hearing for June 19, 2008. On June 19, 2008, the parties agreed that S.N. would reside with Father in Indianapolis for the entire summer.

On July 9, 2008, the trial court requested that the Domestic Relations Counseling Bureau ("DRCB") conduct a custody evaluation and prepare a report for the court. On July 16, 2008, Mother filed an Emergency Motion for Hearing Regarding Summer Visitation which requested an emergency hearing to shorten Father's summer parenting time to enable S.N. to attend the remainder of a program at Tolleston Middle School in Gary. On July 21, 2008, Father filed an objection to Mother's motion. That same day, the trial court found that Mother's motion was not meritorious and denied the motion.

On September 24, 2008, Father filed a Verified Emergency Petition for Custody of Minor Child. The trial court denied Father's emergency petition for custody and scheduled a hearing. After a hearing, the trial court entered the following order:

> This matter was taken under advisement on October 14, 2008. The court has considered the testimony of the parties and reviewed the exhibits admitted into evidence at hearing, and the DRCB report dated September 23, 2008. Drug tests for [Father]'s girlfriend … and

[Father] were ordered and received on October 23, 2008 and a few days before the date of this decision, respectively. Those drug test results have been made a part of the record.

The court finds it in the best interests of the child, [S.N.], that [Father] and [Mother] share joint custody with [Father] being the primary custodian.

[Mother] is ordered to deliver physical custody of [S.N.] to [Father] forthwith, and [Father]'s child support order is terminated as of this date. [Father] is to praecipe for a hearing date to establish a support order, and the parties are to submit financial declarations forms no later than ten (10) days before the scheduled hearing date.

[Mother] is to have parenting time pursuant to the Indiana Parenting Time Guidelines with the exception that [Mother] shall have only one weekend of parenting time per month. [Father] and [Mother] shall meet for the purpose of exchanging [S.N.] at a place agreed upon by the parties in or near Lafayette, Indiana no later than 6:00 p.m. on Friday on the second weekend of every month. [Mother] shall return, and [Father] shall pick-up the child, at the same place no later than 7:00 p.m. of the following Sunday. Where the second weekend of the month conflicts with holiday or other special parenting time permitted by the guidelines, parenting time shall take place on the third weekend of the month.

Additionally, [Mother] shall be permitted telephonic communication with [S.N.] no less than twice a week on weekday nights so long as the calls are made no later than 9:00 p.m. and do not exceed one-half (1/2) hour in duration.

Appellant's Appendix at 76.

## I.

The first issue is whether the trial court abused its discretion by granting Father's petition to modify custody of S.N. We review custody modifications for an abuse of discretion and have a "preference for granting latitude and deference to our trial judges in family law matters." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002). "We set aside judgments only when they are clearly erroneous, and will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." *Id.* The Indiana Supreme Court explained the reason for this deference in *Kirk*:

> While we are not able to say the trial judge could not have found otherwise than he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did.

*Id.* (quoting *Brickley v. Brickley*, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)). Therefore, "[o]n appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id.*

Where, as here, the trial court did not make special findings, we review the trial court's decision as a general judgment and, without reweighing the evidence or considering witness credibility, affirm if sustainable upon any theory consistent with the evidence. *See Baxendale v.*

*Raich,* 878 N.E.2d 1252, 1257 (Ind.2008). Judgments in custody matters generally turn on essential factual determinations and will be set aside only when they are clearly erroneous. *Id.* We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id.* at 1257–1258.

The child custody modification statute provides that "[t]he court may not modify a child custody order unless: (1) modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider under [Ind.Code § 31–14–13–2]...." Ind.Code § 31–14–13–6.[2] Ind. Code § 31–14–13–2 lists the following factors:

(1) The age and sex of the child.

(2) The wishes of the child's parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

 (A) the child's parents;

 (B) the child's siblings; and

 (C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors de-

scribed in section 2.5(b) of this chapter.

Mother argues that there was no showing that modification was in S.N.'s best interest or based upon a substantial change. Mother admits that her water was disconnected during a weekend or four days while S.N. was in her care. However, Mother argues that this fact alone does not represent a substantial change in the circumstances at Mother's house warranting a modification of custody. Mother also argues that Father failed to prove: (A) that the change in S.N.'s academic performance was so substantial as to warrant a modification of custody; (B) that there was a substantial change in S.N.'s wishes; and (C) that there was a substantial change in S.N.'s relationships with family members or others. As to each challenge, Mother asks that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Fields v. Fields,* 749 N.E.2d 100, 108 (Ind. Ct.App.2001), *trans. denied.*

### A. *Academics*

Mother argues that Father failed to prove that the change in S.N.'s academic performance was substantial. The record reveals that S.N.'s grades began to decline during the fifth grade, and he earned several failing grades during the sixth grade. S.N. passed the ISTEP test in the fifth and sixth grades, but did not pass the ISTEP test in the seventh grade. The DRCB report states: "[S.N.] was absent the Monday of the ISTEP testing week. [Mother] denied [S.N.] was absent this week during a September 19, 2008 telephone conversation, and told the evaluator the school was closed on Monday as a

---

**2.** Mother and Father cite Ind.Code §§ 31–17–2–21 and 31–17–2–8, which are applicable to determining custody in dissolution proceedings, while Ind.Code §§ 31–14–13–6 and 31–

14–13–2 are applicable to determining custody in paternity proceedings. The paternity and dissolution statutes, however, contain virtually identical language.

result of flooding, which was not true." Appellant's Appendix at 97.

During the fall of 2007 when S.N. was in the seventh grade, S.N. was suspended for insubordination on six occasions. S.N. was absent on eighteen occasions during the 2007–2008 school year. S.N. earned average and below average grades at the end of the 2007–2008 school year and had earned three failing grades during the course of the year.

The DRCB report states S.N.'s "grades in Gary, Indiana could be much better, and he appears to have been absent on many occasions while in his mother's care." *Id.* at 98. The DRCB report stated that "[t]here is concern [Father] did not enroll [S.N.] in summer school for ISTEP assistance; however, there is greater concern [S.N.] missed at least a portion of ISTEP testing this Fall 2008." *Id.*

B. *S.N.'s Wishes*

Mother argues that there was not a substantial change in S.N.'s wishes. Father claims that S.N.'s "attitude is poor around [Mother] because he wants to reside with [Father]." *Id.* at 93. S.N. indicated that he shares a more positive relationship with Father than with Mother. S.N.'s older sibling also reported that S.N. "has wanted to reside with [Father] since the fifth grade." *Id.* at 96.

C. *Interrelationships*

Mother argues that there was not a substantial change in S.N.'s relationships with family members or others. The DRCB report states that S.N. "indicated he shares a more positive relationship with his [Father], which is common for his age." *Id.* at 98. The DRCB report also states that S.N. "appears to feel safer in his father's neighborhood as well." *Id.* Mother "experienced difficulty dealing with S.N.'s attitude." *Id.* at 90.

S.N. reported that he has a positive relationship with Father's girlfriend, but does not have a relationship with Mother's boyfriend. S.N. reported that Father and Father's girlfriend have a positive relationship, and Mother and Mother's boyfriend frequently argue. S.N. reported that Mother worked until 6:00 or 7:00 p.m. and he and his older brother provided care for his younger siblings. S.N.'s older sibling reported that Mother and her boyfriend engaged in domestic violence in the past.

In summary, we conclude that Mother's arguments merely request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Fields*, 749 N.E.2d at 108. Although any one factor may not necessarily warrant a change of custody in the present case, consideration of all the factors, including the conclusion in the DRCB report that it was in S.N.'s best interest for him to reside in Father's primary care, is sufficient to establish that modification is in the best interests of the child and a substantial change has taken place in the interaction and interrelationship of S.N. with S.N.'s parent or parents, S.N.'s adjustment to his home and community, and the health of all of the individuals involved. *See Rea v. Shroyer*, 797 N.E.2d 1178, 1184 (Ind.Ct. App.2003) (holding that the trial court did not abuse its discretion when it modified custody); *Barnett v. Barnett*, 447 N.E.2d 1172, 1175 (Ind.Ct.App.1983) (holding that instability of mother's life, considered with other factors, warranted modification of custody).

II.

The next issue is whether the trial court abused its discretion by limiting Mother's parenting time. The trial court's order stated, "[Mother] is to have parenting time pursuant to the Indiana Parenting Time

Guidelines with the exception that [Mother] shall have only one weekend of parenting time per month." Appellant's Appendix at 76. Mother argues that the trial court abused its discretion when it restricted her parenting time to one weekend per month in the absence of a finding that such a restriction was warranted.

■ Generally speaking, decisions regarding child visitation are committed to the sound discretion of the trial court, and we may reverse such decisions only upon a showing of a manifest abuse of discretion. *In re Paternity of V.A.M.C.*, 768 N.E.2d 990, 1000 (Ind.Ct.App.2002), *reh'g granted on other grounds by*, 773 N.E.2d 359 (Ind. Ct.App.2002) (*"V.A.M.C.Rehearing"*). When reviewing the trial court's decision, we neither reweigh the evidence nor reexamine the credibility of the witnesses. *Id.* Rather, we view the record in the light most favorable to the trial court's decision to determine whether the evidence and reasonable inferences therefrom support the trial court's decision. *Id.* An abuse of discretion has occurred if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ Ind.Code § 31–14–14–1, which outlines the visitation rights of a noncustodial parent in a paternity action, provides that "[a] noncustodial parent is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time might: (1) endanger the child's physical health and well-being; or (2) significantly impair the child's emotional development." Indiana Code § 31–14–14–2 states that "[t]he court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child." "Even though section 31–14–14–1 uses the term 'might,' this court interprets the statute to mean that a court may not restrict visita-

tion unless that visitation *would* endanger the child's physical health or well-being or significantly impair the child's emotional development." *Farrell v. Littell,* 790 N.E.2d 612, 616 (Ind.Ct.App.2003). "By 'its plain language,' Indiana Code section 31–14–14–1 requires a court to make a specific finding 'of physical endangerment or emotional impairment prior to placing a restriction on the noncustodial parent's visitation.'" *Id.* (quoting *V.A.M.C.,* 768 N.E.2d at 1001).

■ Here, the trial court did not make a specific finding that visitation would endanger S.N.'s physical health or well-being or significantly impair S.N.'s emotional development. Accordingly, we remand to the trial court with instructions to either: (1) enter an order containing findings sufficient to support a visitation restriction under Ind.Code § 31–14–14–1 based on the evidence already in the record; or (2) enter an order that does not contain a visitation restriction. *See V.A.M.C. Rehearing,* 773 N.E.2d at 360.

For the foregoing reasons, we affirm the trial court's grant of Father's petition to modify custody of S.N., reverse the trial court's restriction of Mother's parenting time, and remand this case to the trial court to either enter an order containing sufficient findings to support a visitation restriction or enter an order that does not contain a visitation restriction.

Affirmed in part; reversed and remanded in part.

MAY, J., concurs.

CRONE, J., concurs in part and dissents in part with separate opinion.

CRONE, Judge, concurring in part and dissenting in part.

I agree with the majority that the trial court did not abuse its discretion in grant-

ing Father's petition to modify custody of S.N. Therefore, I concur as to issue I.

As to issue II, however, I respectfully disagree with the majority's decision to remand pursuant to Indiana Code Section 31–14–14–1(a) and *Farrell*, 790 N.E.2d 612. To reiterate, the statute states, "A noncustodial parent is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time might: (1) endanger the child's physical health and well-being; or (2) significantly impair the child's emotional development." Ind. Code § 31–14–14–1(a). The plain language of the statute requires the trial court to enter findings only when it denies *any* parenting time to the noncustodial parent. That was the situation in *Farrell*, on which the majority relies. To the extent that *Farrell* may be interpreted as holding that findings are required if the trial court grants parenting time that deviates, no matter how slightly, from the Parenting Time Guidelines, I would respectfully disagree with that interpretation as contrary to both the letter and the spirit of Indiana Code Section 31–14–14–1(a) and the Parenting Time Guidelines. *See* Ind. Parenting Time Guidelines, Preamble ("The purpose of these guidelines is to provide a model which may be adjusted depending upon the unique needs and circumstances of each family."); *id.* at § 3 ("Where there is a significant geographical distance between the parents, scheduling parenting time is fact sensitive and requires consideration of many factors which include: employment schedules, the costs and time of travel, the financial situation of each parent, the frequency of the parenting time and others."). To equate reasonable parenting time with the full panoply of visitation rights pursuant to the Parenting Time Guidelines and to allow a deviation therefrom only in situations where there is child endangerment would severely limit a trial court's ability to fashion a visitation schedule that best suits the situation of the parents involved. Such a result would be ill advised.

Here, the trial court granted Mother "parenting time pursuant to the Indiana Parenting Time Guidelines with the exception that [Mother] shall have only one weekend of parenting time per month." Appellant's App. at 76. Because the trial court granted Mother parenting time, the court was not required to enter findings pursuant to Indiana Code Section 31–14–14–1, and thus Mother may not challenge its failure to enter such findings. Mother may challenge only whether her parenting time is reasonable. Based on the record before us, including evidence regarding the significant geographical distance between Mother and Father, I conclude that it is. Therefore, I respectfully dissent as to issue II and would affirm the trial court in all respects.