# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 23 2019, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael H. Michmerhuizen
Casie J. Towsley
Barrett McNagny LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Marriage of:<br><br>Chad M. Heimann,<br>*Appellant-Respondent,*<br><br>v.<br><br>Crystal R. Heimann,<br>*Appellee-Petitioner.* | October 23, 2019<br><br>Court of Appeals Case No.<br>19A-DC-644<br><br>Appeal from the Adams Circuit Court<br><br>The Honorable Chad Kukelhan, Judge<br><br>Trial Court Cause No.<br>01C01-1810-DC-48 |

**Robb, Judge.**

# Case Summary and Issue

[1] Crystal Heimann ("Mother") and Chad Heimann ("Father") were married in 2001, and Father filed for divorce in late 2018. Mother and Father adopted two daughters, K.H., and T.H. ("Children").[1] After a final hearing, the trial court awarded sole legal and primary physical custody to Mother and ordered Father to have supervised parenting time every week. Father appeals, raising one issue for our review which we restate as: whether the trial court abused its discretion by ordering Father to have supervised parenting time absent evidence demonstrating how parenting time would endanger Children's physical health or emotionally impair Children. Concluding the trial court abused its discretion, we reverse and remand with instructions.

# Facts and Procedural History

[2] The parties were married on June 28, 2001. They adopted Children, and the family lived together in the same home. In September 2018, Mother and Father separated and Mother and Children moved out of the marital residence, while Father remained in the home. On October 1, 2018, Father filed a Petition for Dissolution of Marriage, claiming an irretrievable breakdown of the marriage.

---

[1] Mother and Father also are caring for a foster child. He was not subject to the instant proceedings. *See* Transcript of Evidence, Volume I at 40.

[3]     The trial court held a provisional hearing, and Father requested joint legal custody of Children with Mother having temporary primary physical custody of Children. Concerning parenting time, Father proposed he be allowed to have the Children overnight from 3:00 p.m. on Saturday until 6:00 p.m. on Sunday. *See* Tr., Vol. I at 6. Mother disagreed with Father's parenting-time request, stating that Father has "mental health issues that need to be worked out first[,]" *id.* at 18; that "[h]e's become very abusive over the last several months[,]" *id.*; that "[h]e yells[,] hits people[,] [and] throws things[,]" *id.* at 19; and that "he. . . [is] very hostile and . . . full of anger and rage[,]" *id.* On November 15, 2018, the trial court granted Mother sole legal and primary physical custody of Children and entered its Provisional Order directing Father's parenting time to be

> [e]very other weekend [on] Saturday for two hours . . . under therapeutic supervision by a licensed third party agency. Parenting time is restricted for [F]ather as evidence indicates he poses a threat to the mental and physical well[-]being of [C]hildren[.]

Appellant's Appendix, Volume 2 at 11, ¶ 3(a).

[4]     On January 9, 2019, the trial court held a final hearing on the petition for dissolution during which Father requested that the trial court grant him primary physical custody of Children and joint legal custody with Mother. However, Father testified that he was unable to comply with the trial court's provisional

order regarding parenting time because he had difficulties finding supervision that would comply with the provisional order.[2] *See* Tr., Vol. I at 41-42.

Mother again disagreed with Father's request, insisting that any parenting time given should be supervised. She also had concerns for Children if Father was granted primary physical custody stating,

> [Father] has been disruptive in the home . . . [by] holding me by the throat against the wall demanding I do what [Father] want[s]. As [for] [C]hildren, . . . [Father] has spanked them; . . . he has picked them up and thrown them into their beds. . . . [Father is] someone who threatens to commit suicide every other month . . . he will sit and say that he hopes he blows his da** brains out and we come home and find [Father] in a puddle of blood.

*Id.* at 60. At the conclusion of the final hearing, the trial court took the matter under advisement and entered an order that directed the following regarding Father's parenting time: "[Father] shall have supervised visitation with the parties' minor [C]hildren for a period of two (2) hours every Saturday commencing January 12, 2019. The supervisor shall be the [Mother's] brother, Chance. The Court further orders the paternal grandparents may be present at the visitations." Appellant's App., Vol. 2 at 15. The trial court did not specify a date when the supervised parenting time was to end.

---

[2] Per the trial court's provisional order, Father was directed to have parenting time facilitated by a licensed therapeutic agency. Father contacted four facilities: three of which were unable to assist him because of either scheduling reasons or because he was paying for the service out-of-pocket; and one did not have a licensed therapist available for supervision.

On March 6, 2019, the trial court issued its Decree of Dissolution of Marriage, finding (among other things) that it is in the best interest of Children that Mother have sole legal and primary physical custody of Children with Father having supervised parenting time. The trial court ordered Father to continue to have supervised parenting time:

> [Father] should receive parenting time in accordance with the [c]ourt's order dated [January 9, 2019]. The restriction on parenting time is due to [Father's] failure to follow the [c]ourt's past order regarding supervised parenting time and [the] allegations by [Mother] that [Father] has a violent past. The [c]ourt therefore finds that [Father] would be a physical and or emotional threat to [Children] and parenting should be supervised.

Appealed Order at 2, ¶ 14. Father now appeals.

# Discussion and Decision

## I. Standard of Review

Initially, we note that Mother did not file an Appellee's Brief and therefore, "we need not undertake the burden of developing an argument on [her] behalf." *EBF Partners, LLC v. Novabella, Inc.*, 96 N.E.3d 87, 91 (Ind. Ct. App. 2018). Rather, we will reverse the trial court's judgment if Father presents a case of prima facie error. *Id*. Prima facie error is defined as, "at first sight, on first appearance, or on the face of it." *Id*.

[8] Here, the trial court entered findings of fact and conclusions thereon. We therefore apply a two-tiered standard of review: whether the evidence supports the findings and whether the findings support the judgment. *Tompa v. Tompa*, 867 N.E.2d 158, 163 (Ind. Ct. App. 2007). When reviewing judgments with findings and conclusions, we "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011) (quoting Ind. Trial Rule 52(A)). A judgment is clearly erroneous when the record contains no facts or inferences to support it and after evaluating the record, we are firmly convinced a mistake has been made. *Tompa,* 867 N.E.2d at 163. When we make these determinations, we neither reweigh the evidence nor judge the credibility of the witnesses but view the evidence most favorable to the judgment. *Id*.

## II. Parenting Time

[9] Father argues that the trial court abused its discretion when it issued its order restricting his parenting time to two hours of supervised parenting time per week without entering sufficient findings of fact to support its decision that his parenting time would endanger Children's physical or emotional health. Specifically, he contends that his parenting time has been restricted based on unsupported allegations from Mother. Generally, parenting time decisions are committed to the sound discretion of the trial court. *In re B.J.N.* 19 N.E.3d 765, 769 (Ind. Ct. App. 2014). Therefore, this court will review parenting time decisions for an abuse of discretion. *Hatmaker v. Hatmaker*, 998 N.E.2d 758, 761

(Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court misinterpreted the law. *Id*.

[10] In all parenting time controversies, courts must give foremost consideration to the best interests of the children. *In re Paternity of C.H.*, 936 N.E.2d 1270, 1273 (Ind. Ct. App. 2010), *trans. denied*. The right of non-custodial parents to visit with their children is a "sacred and precious privilege." *Appolon v. Faught*, 796 N.E.2d 297, 300 (Ind. Ct. App. 2003). For this reason,

> [e]xtraordinary circumstances must exist to deny parenting time to a parent, which necessarily denies the same to the child[,] [and] [i]f the trial court finds such extraordinary circumstances do exist, then the trial court shall make specific findings regarding its conclusion that parenting time would endanger the child's physical health or significantly impair the child's emotional development.

*Perkinson v. Perkinson*, 989 N.E.2d 758, 765 (Ind. 2013).

[11] Restriction of parenting time is governed by Indiana Code section 31-17-4-1(a), which provides, "a parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development." "Even though the statute uses the word 'might,' this Court has previously interpreted the language to mean that a court may not restrict parenting time unless that parenting time 'would' endanger the child's physical health or emotional

development[, and] an order for supervision constitutes such a restriction." *Hatmaker*, 998 N.E.2d at 761. A party who seeks to restrict a parent's visitation rights bears the burden of presenting evidence justifying such a restriction. *Id*. The burden of proof is by a preponderance of the evidence. *Id*.

[12] The trial court in the present case restricted Father's parenting time to two hours of supervised time per week with Mother's brother, Chance, serving as the supervisor. The trial court specifically found in its order that Father's parenting time should be supervised and limited to two hours every week because Mother "alleg[ed] . . . that [Father] has a violent past[,]" and, therefore, Father would be a physical and or emotional threat to the [C]hildren. Appealed Order at 2, ¶ 14. We find, however, that the evidence in the record is insufficient to support such a finding.

[13] Here, Mother testified to a number of unsupported allegations of abuse by Father. Among other things, she alleged that Father is full of anger and rage and has become very abusive. However, she did not provide any police reports, DCS reports, therapist reports, or reports by a guardian ad litem to demonstrate that parenting time between Father and the Children would not be in the Children's best interests. The only evidence before the trial court regarding any endangerment to Children was Mother's self-serving testimony. Additionally, she did not present any evidence of Children being concerned with their well-being while in the presence of Father. Instead, she only offered her testimony and did not provide additional testimony from other sources that could corroborate her contention that Father has a violent past.

[14] Although Mother testified to Father's abusive nature, she, nevertheless, allowed him to have parenting time with Children absent any supervision, which contradicts her assertion that she has concerns for Children's safety with Father. Moreover, Father's Mother, Cindy, and Mother's brother, Chance, both testified that Father is not a danger to Children; they never saw Father abuse Children; and they believed Father to be a good parent. *See* Tr., Vol. II at 53-56. Based on the record, we conclude that Mother's evidence does not support the trial court's finding that Father is a physical or emotional threat to Children, *see Tompa*, 867 N.E.2d at 163, and the finding does not support the restriction that was placed on Father's parenting time. Therefore, the trial court abused its discretion restricting Father's parenting time to two hours per week.

[15] Father also argues that the trial court's finding that he failed to follow the trial court's past order regarding supervised parenting time to support restricting Father's parenting time was "clearly unreasonable and an invalid basis" to restrict his parenting time. Appellant's Brief at 15. He maintains that his failure to follow the trial court's order was beyond his control because he contacted four facilities that offered supervised parenting time services, and all four were not in compliance either for scheduling reasons, and did not allow self-pay, or because the facility did not employ a licensed therapist. *See* Tr., Vol. 2 at 41. On direct examination Father testified to the following:

> [Counsel]: Have you exercised any parenting time since the provisional hearing?

> [Father]: I have not.

[Counsel]: Ok. Why not?

[Father]: I tried all aspects and I was either met with the disturbance of they cannot do it on Saturday or they do not allow self-pay.

[Counsel]: Ok. When you say they, who are we talking about?

[Father]: Um, I contacted SCAN, I contacted Life Source in Fort Wayne, I contacted Parks right here in Decatur and Fort Wayne.

[Counsel]: You mean Park Center?

[Father]: Or Park Center, yes, I'm sorry. . . And I did contact Y.S.B. in Portland. That was the only agency that would allow it on Saturday and self-pay. The only problem with it is, the lady that was going to be doing the visit is not a licensed therapist.

[Counsel]: Ok. So while it is a supervision facility. . . [s]he didn't feel she had the correct licensing that the Order called for?

[Father]: No, actually [Mother] brought it to everybody's attention that they were not licensed therapist [sic].

[Counsel]: Ok.

[Father]: And she had a problem with it.

[Counsel]: Ok. So you have made numerous attempts to. . . exercise this parenting time[?]

> [Father]: Yes, I've even worked with D.C.S. and tried to find other places and as soon as I turned in the Court Order and they saw it was Saturday and self-pay either one of those two reasons is the reasons why I got rejected.

*Id.* at 41-42.

To the extent that Father does not dispute that he failed to comply with the court's provisional order by not obtaining a licensed therapist to supervise his parenting time, these unchallenged facts stand as proven. *See In re B.R.*, 875 N.E.2d 369, 373 (Ind. Ct. App. 2007) (failure to challenge findings by the trial court resulted in waiver off the argument that the findings were clearly erroneous), *trans. denied*. Although he attempts to justify how the trial court viewed his failure to comply by demonstrating that he tried to comply; however, we view this as a request to reweigh the evidence, which is not the province of this court. *Tompa*, 867 N.E.2d at 163.

However, we must evaluate whether Father's failure to comply supports the conclusion that Father is a physical or emotional threat to Children. Consequently, the trial court did not establish a clear nexus between Father's failure to comply with the provisional order and the physical and emotional endangerment of Children. Therefore, the trial court abused its discretion when it decided that Father's violation of its provisional order was a factor in restricting his parenting time.

The evidence presented simply does not support a finding that Children's physical and emotional health would be endangered by unsupervised parenting

time with Father. For these reasons, we remand to the trial court with instructions to enter an order without the restriction. *See Walker v. Nelson*, 911 N.E.2d 124, 130 (Ind. Ct. App. 2009).

# Conclusion

[19] The evidence in the record does not support the trial court's finding that unsupervised parenting time with Father would be a physical and emotional threat to Children and therefore, cannot support the judgment restricting Father's parenting time to two hours per week. We therefore reverse and remand to the trial court with instructions to remove the restriction altogether.

[20] Reversed and remanded.

Mathias, J., and Pyle, J., concur.