## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 04 2020, 8:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam Potts
McCoy Law Office
Lafayette, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amanda Isley, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Blake Miller, <br> *Appellee-Respondent* | February 4, 2020 <br><br> Court of Appeals Case No. <br> 19A-DR-1790 <br><br> Appeal from the Carroll Circuit Court <br><br> The Honorable Kurtis G. Fouts, Judge <br><br> Trial Court Cause No. <br> 08C01-1107-DR-57 |

**May, Judge.**

[1] Amanda Isley ("Mother") and Blake Miller ("Father") divorced in 2012 and have three minor children. Mother appeals the trial court's order denying her motion for modification of custody. Mother raises one issue on appeal, which we revise and restate as whether the trial court abused its discretion by not

modifying its custody order to grant Mother custody of the children when Father is away for extended periods of time during the summer. We affirm.

# Facts and Procedural History

Mother and Father were married and have three children—E.M. (born August 2009), A.M. (born March 2008), and C.M. (born December 2006). When Mother and Father divorced in 2012, the trial court ordered Mother to have custody of the children. At that time, Mother lived in Carroll County, Indiana, and Father lived in South Dakota. Father later moved back to Indiana, and Mother enlisted in the military, which required her to move to Oklahoma. The court ordered Father to have temporary primary custody of the children while Mother was in Oklahoma. Mother's military obligation then required her to move from Oklahoma to North Carolina. The court entered a modified custody order on July 29, 2016, awarding Mother custody during the school year and Father custody during Christmas break, spring break, and most of the summer.

On November 19, 2018, Mother filed a verified motion for temporary injunction and modification of custody. Mother asserted in her motion that there was a pending criminal investigation concerning whether Father abused one of the children.[1] On January 2, 2019, Father filed a petition to cite Mother

---

[1] The record is unclear concerning the results of the investigation. However, the investigation was completed by the time of the hearing on Mother's motion for modification of custody.

for contempt. Father alleged that Mother had denied him parenting time over Christmas break.

[4] The court held a hearing on both motions on July 8, 2019. At the hearing, Mother asked the court to modify the custody arrangement because she learned that Father would be away from Indiana for two-week stretches of time during the summers because he works in West Virginia. Mother wanted the children to stay with her in North Carolina during those periods. Mother testified that transporting the children between Indiana and North Carolina would require the children to spend approximately eight to ten hours in the car every two weeks.[2]

[5] Randee Miller, Father's current wife, lives in Indiana and takes care of the children when Father is in West Virginia. She works Monday through Friday from 8:00 am to 5:00 pm. The childcare arrangement varies while she is working. Sometimes, the children stay at home by themselves. Other times, they spend time at their friends' homes or visit Randee Miller's parents. The court denied Mother's motion for modification of custody because the court found such a modification would not be in the best interests of the children.[3] The court explained: "It's not practical for the kids [to] jet back and forth

---

[2] We note the estimated travel time by car from Delphi, Indiana, where Father lives, to Fort Bragg, North Carolina, where Mother is stationed, is eleven hours and eighteen minutes. Google Maps https://www.google.com/maps/dir/Delphi,+IN+46923/Fort+Bragg,+NC. (last visited January 15, 2020).

[3] The trial court also found Mother in contempt for willfully denying Father parenting time over the 2018 Christmas holiday. However, Mother does not appeal the contempt finding.

between here and North Carolina[.]" (Tr. Vol. II at 58.)  The court also noted that the children would be "miserable" if they had to spend hours in a car every two weeks.  (*Id*.)

# Discussion and Decision

[6]    Initially, we note Father has not filed an appellee's brief.  "In such a situation, we do not undertake the burden of developing arguments for the appellee." *Burrell v. Lewis*, 743 N.E.2d 1207, 1209 (Ind. Ct. App. 2001).  We will reverse the trial court if Mother is able to show *prima facie* error.  *Id*.  "*Prima facie*, in this context, is defined as 'at first sight, on first appearance, or on the face of it.'" *Id*. (emphasis in original) (quoting *Johnson Cty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985)).

[7]    A trial court's ruling on a motion to modify child custody is reviewed for an abuse of discretion.  *Wills v. Gregory*, 92 N.E.3d 1133, 1136 (Ind. Ct. App. 2018), *trans. denied*.  "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law." *Tamasy v. Kovacs*, 929 N.E.2d 820, 826 (Ind. Ct. App. 2010).  We give significant latitude and deference to the trial court in family law matters because a trial court judge can observe witnesses' demeanor and scrutinize their testimony.  *Wills*, 92 N.E.3d at 1136.  Therefore, we will not reweigh the evidence or assess the credibility of the witnesses, and we will review the evidence in the light most favorable to trial court's judgment.  *Id*.

[8]	Mother argues the trial court abused its discretion in denying her motion to modify custody because the children are left outside the custody of a biological parent during the periods in the summer when Father is in West Virginia for work. A court may not modify a prior custody determination unless doing so is in the best interest of the children and there has been a significant change in circumstances. Ind. Code § 31-14-13-6. The circumstances include those the court was to consider when making an initial custody determination:

> The court shall determine custody in accordance with the best interests of the child. In determining the child's best interests, there is not a presumption favoring either parent. The court shall consider all relevant factors, including the following:
>
> (1) The age and sex of the child.
>
> (2) The wishes of the child's parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A)      the child's parents;
>>
>> (B)      the child's siblings; and
>>
>> (C)      any other person who may significantly affect the child's best interest.
>
> (5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 2.5(b) of this chapter.

Ind. Code § 31-14-13-2.

[9] Rather than arguing based on those modification of custody statutes, Mother cites Indiana Code section 31-17-4-2, which governs the modification of a parenting time order. Mother argues the trial court's denial of her motion for custody modification serves to restrict her parenting time. However, the denial of her motion for custody modification does not restrict her parenting time because she still receives custody of the children for the times awarded to her in the July 29, 2016, order.

[10] To the extent Mother argues she should have additional time with the children because Father is away for portions of the summer, the Indiana Parenting Time Guidelines contemplate that there may be times when the custodial parent may not be able to care for the children. Indiana Parenting Time Guideline 1(C)(3) states:

> When it becomes necessary that a child be cared for by a person other than a parent or a responsible household family member, the parent needing the child care shall first offer the other parent the opportunity for additional parenting time, if providing the

child care by the other parent is practical considering the time available and the distance between residences.

Here, the trial court found it impractical to have Mother care for the children while Father is in West Virginia.[4]  The trial court held that it was not in the best interests of the children for them to spend hours in the car every two weeks because it would be "terrible" and would make the children "miserable."  (Tr. Vol. II at 58.)

[11]  Mother notes "the importance of a child having strong relationships with both parents."  (Appellant Br. at 14.)  Mother argues the trial court's July 29, 2016, custody order prevents her from vacationing with the children unless she pulls them out of school.  Mother also notes she would have more time with the children if they were with her in North Carolina while Father was away in West Virginia, which she believes would enhance her relationship with the children.  However, these arguments are nothing more than requests for us to reweigh the evidence.  We decline to do so.  *See Walker v. Nelson*, 911 N.E.2d 124, 129 (Ind. Ct. App. 2009) ("In summary, we conclude that Mother's arguments merely request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do.").  The children would have to travel hundreds of miles and spend many hours in transit if they were required to shuffle between Delphi, Indiana, and North Carolina every two weeks.

---

[4] Mother does not allege that Randee Miller is an irresponsible household member.

Therefore, it was not an abuse of discretion for the trial court to conclude that ordering the children to do so was not in their best interest. *See Kirk v. Kirk*, 770 N.E.2d 304, 308 (Ind. 2002) (holding trial court did not abuse discretion in concluding custody modification was not in the children's best interest).

# Conclusion

[12]    Accordingly, we affirm the trial court's decision to deny Mother's motion for modification of custody.

[13]    Affirmed.

Crone, J., and Pyle, J., concur.