**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Nov 27 2013, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**PRESTON T. BREUNIG**
**MARTHA L. WESTBROOK**
Buck Berry Landau & Breunig, P.A.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ALAN A. BOUWKAMP**
**CARL J. BECKER**
Newton Becker Bouwkamp Pendoski, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD R. HOGSHIRE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1212-DR-557 |
| | ) | |
| URSULA HOOVER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1202-DR-74

**November 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Petitioner Richard Hogshire ("Husband") appeals the trial court's award of preliminary attorney's fees and costs to Appellee-Respondent Ursula Hoover ("Wife"). Husband claims that the trial court abused its discretion in awarding fees *sua sponte* and without conducting an evidentiary hearing. We conclude that Indiana Code subsection 31-15-10-1(a) authorizes a *sua sponte* award but hold that an evidentiary hearing was required so that the trial court could consider the parties' financial circumstances in fashioning it. The trial court's order that Husband pay Wife's attorneys $15,000 in fees and costs is reversed, and the matter is remanded for an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

On January 5, 2012, Husband filed a petition for dissolution of his fourteen-year-marriage to Wife. Wife filed a counter-petition for dissolution on January 13, 2012. After granting Husband two enlargements of time in which to respond to discovery, the trial court held a preliminary hearing on April 30, 2012. At the hearing, Wife requested, *inter alia*, that the trial court grant her possession of the marital residence pending its sale and $20,000 in preliminary attorney's fees from Husband.

The trial court issued its provisional order on April 30, 2012. In it, the trial court awarded Husband possession of the marital residence and ordered Wife to vacate the home by May 31, 2012. The trial court also ordered Husband to make all mortgage payments on the home during the provisional period, to provide a $750 down payment toward an apartment for Wife, and to pay wife $300 per month in maintenance. Additionally, Husband was given thirty days in which to pay Wife $5000 in provisional

2

expenses for valuation of Husband's businesses. Wife's request for attorney's fees, however, was denied.

Wife did not vacate the marital residence until July 13, 2012. In doing so, she placed the majority of the residence's furniture in storage at a cost of $1600. Wife stayed at her daughter's home for approximately two months, where she suffered from cat allergies and bronchitis. On September 21, 2012, Husband allowed Wife to move back into the marital residence for a few days so she could recuperate. Husband then requested that Wife move the furniture back into the marital residence so that it would show better for sale. Wife returned the furniture on September 27, 2012, at an additional cost of $1600. On September 28, 2012, Husband informed Wife that he intended to move back into the marital residence, and he later requested that Wife vacate the home by October 10, 2012.

On October 9, 2012, Wife petitioned for emergency relief from and modification of the trial court's April 30, 2012 provisional order. Specifically, Wife requested that the trial court stay its order granting Husband possession of the marital residence, set the matter for hearing, and thereafter modify the order to grant wife possession of the home. Wife also requested that Husband be ordered to pay her attorney's fees with respect to the petition. On October 10, 2012, the trial court stayed the provisional order as it pertained to possession of the marital residence. On November 13, 2012, Husband responded to Wife's petition for modification.

The trial court held a hearing on Wife's petitions on November 16, 2012. At the hearing, Wife testified in support of her petition for modification and was cross-examined

by Husband. The time allotted for the hearing, however, expired without Husband having an opportunity to present evidence in opposition to Wife's petition. The trial court granted Wife the relief she sought and modified its April 30, 2012 provisional order as follows:

> Wife shall have provisional possession of the residence. Husband shall pay all expenses and utilities associated with the residence, all landscaping and upkeep. The Husband's obligation to pay maintenance is extinguished and Husband shall pay an additional five thousand dollars to the attorneys for [Wife] in order to secure the business valuation promptly, an additional ten thousand dollars in attorney fees are due provisionally from [Husband] to [Wife's] attorneys. The same is due within fifteen days.

Tr. II, p. 78-79. No evidence was heard on the issue of attorney's fees and costs.

On November 21, 2012, Husband moved for the trial court to reconsider its November 16, 2012 order granting Wife possession of the marital residence and awarding her $15,000 in preliminary attorney's fees and costs. As this motion pertained to attorney's fees, Husband argued that it was an abuse of discretion for the trial court to issue such an award without first conducting an evidentiary hearing as to the parties' financial circumstances. The trial court denied Husband's motion to reconsider on November 30, 2012, explaining, "At a certain point on November 16th, the Court, considering the extensive hearing on provisional matters five months before, concluded that it had been duly advised." Appellant's App. p. 90. "The $15,000.00 in additional attorney's fees and suit costs … are reasonable considering that the assets of the marriage are a closely held business and not much else." Appellant's App. p. 93.

**DISCUSSION AND DESCISION**

Husband argues that the trial court abused its discretion in awarding Wife

4

preliminary attorney's fees and costs. Indiana Code subsection 31-15-10-1(a) provides:

> The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.

A trial court has broad discretion in awarding attorney's fees, and we will only reverse the trial court's decision if the award is clearly against the logic and effect of the facts and circumstances before the court. *Reese v. Reese*, 671 N.E.2d 187, 193 (Ind. Ct. App. 1996).

## I.  Whether the Trial Court Abused its Discretion in Awarding Attorney's Fees *Sua Sponte*

Husband claims that the trial court abused its discretion in awarding Wife preliminary attorney's fees *sua sponte*. This claim has no merit. The authorizing statute provides that the court "may" order a party to pay attorney's fees and does not explicitly require the receiving party to have moved for the award. Ind. Code § 31-15-10-1(a); *cf Davidson v. Boone Cnty.*, 745 N.E.2d 895, 900 (Ind. Ct. App. 2001) (holding trial court, *sua sponte*, "may" award attorney's fees under Indiana Code section 34-52-1-1). Therefore, we conclude that the trial court acted within its discretion in awarding Wife preliminary attorney's fees without her specific request.

## II.  Whether the Trial Court Abused its Discretion in Awarding Attorney's Fees Without Conducting an Evidentiary Hearing

Husband also claims that the trial court abused its discretion in awarding Wife preliminary attorney's fees without conducting an evidentiary hearing. We agree. In fashioning an award of attorney's fees, the trial court must consider the resources of the

parties, their economic condition, and other factors bearing on the reasonableness of an award. *Bertholet v. Bertholet*, 725 N.E.2d 487, 501 (Ind. Ct. App. 2000) (citing *Barnett v. Barnett* 447 N.E.2d 1172, 1176 (Ind. Ct. App. 1983). A trial court's failure to conduct an evidentiary hearing in order to consider these issues constitutes an abuse of discretion. *Allen v. Proksch*, 832 N.E.2d 1080, 1102 (Ind. Ct. App. 2005) (citing *Bertholet*, 725 N.E.2d at 501); *see also Barnett*, 447 N.E.2d at 1176 ("[A]ssuming, *arguendo*, that the court had in mind reasons other than malice in awarding appellate fees, he still committed error in not conducting an evidentiary hearing.").

Here, the trial court, *sua sponte*, awarded Wife preliminary attorney's fees without hearing evidence on the issue. Therefore, we cannot say that it properly considered the parties' financial circumstances in fashioning the award. We acknowledge that the trial court, in its order on Husband's motion to reconsider, explained that it considered the evidence presented at the April 30, 2012 hearing in reaching its decision on November 16, 2012. But the law requires a contemporaneous hearing. *Bertholet*, 725 N.E.2d at 501 (requiring evidentiary hearing despite evidence of record suggesting that an award of fees may have been reasonable). Accordingly, we reverse the trial court's award to Wife of preliminary attorney's fees and costs.

The trial court's order that Husband pay Wife's attorneys $15,000 in preliminary fees and costs is reversed, and the matter is remanded for an evidentiary hearing.

MAY, J., concurs.

BAILEY, J., concurs in result with opinion.

**IN THE**
**COURT OF APPEALS OF INDIANA**

RICHARD R. HOGSHIRE,                    )
                                        )
    Appellant-Petitioner,               )
                                        )
        vs.                          )    No.  06A01-1212-DR-557
                                        )
URSULA HOOVER,                          )
                                        )
    Appellee-Respondent.                )

**BAILEY, Judge, concurring in result**

I agree with the reversal of the sua sponte award of attorney's fees. However, I write separately because, although our dissolution statutes provide for a substantive award of attorney's fees in dissolution actions, I question whether, as a procedural matter, the issue of attorney's fees should be addressed by the court absent a motion from one of the parties.

"Without question, the trial court has a duty to remain impartial and …. also has the duty to manage and control the proceedings which are conducted before it." Cornett v. State, 450 N.E.2d 498, 505 (Ind. 1983). That said, dissolution proceedings can be particularly contentious, and the dissolution court must be ever vigilant to maintain its role as a neutral arbiter. Unless there has been a direct affront to the dignity or conduct of the court, a sua sponte award in the absence of a motion and an evidentiary hearing

7

creates the appearance that neutrality has been abandoned, and opens the dissolution court to allegations of bias or prejudice.

I acknowledge my concurrence in <u>Davidson v. Boone Cnty.</u>, 745 N.E.2d 895 (Ind. Ct. App. 2001) (cited by the majority for the proposition that a trial court may sua sponte award attorney's fees where the Legislature has decided that the court "may" award fees). However, <u>Davidson</u> involved a litigant's pursuit of unreasonable and groundless claims. In other words, the trial court was directly affected by the action giving rise to an award of attorney's fees, that is, the needless waste of judicial resources. Indeed, the trial court in <u>Davidson</u> had entered specific findings and conclusions "regarding the frivolousness, unreasonableness, and groundlessness of the Davidsons' claims." <u>Id.</u> at 900. This is not on par with the sua sponte order here, which was entered without motion and in the absence of an opportunity to present evidence or defend against the award. Even so, in retrospect, I believe that we should have made clear, in <u>Davidson</u>, that the American rule[1] is generally controlling and the preferred practice is to consider entertaining an award for attorney's fees only when a party claims entitlement by motion.

For these reasons, I concur in the result reached by the majority.

---

[1] Indiana adheres to the "American Rule" with respect to the payment of attorney's fees, which requires each party to pay his or her own attorney's fees absent an agreement between the parties, statutory authority, or rule to the contrary. <u>Courter v. Fugitt</u>, 714 N.E.2d 1129, 1132 (Ind. Ct. App. 1999).